(November 30, 1987)

■ PETER BACOGIANNIS et al., Plaintiffs, v ANTHONY SAYAN, Doing Business as ROCKY III ALUMINUM SIDING AND REMODELING, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. WAYNE BELLOCHIO, Third-Party Defendant-Respondent.—In a third-party action for common-law indemnity, the defendant second third-party plaintiff Sayan appeals from so much of an order of the Supreme Court, Queens County (Berkowitz, J.), entered July 29, 1986, as (1) granted the second third-party defendant Bellochio's motion for summary judgment dismissing Sayan's second third-party complaint, and (2) denied Sayan's motion, *inter alia,* for an extension of his time to comply with a conditional order of preclusion of the same court (Durante, J.), dated April 24, 1985.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the appellant had failed to serve a bill of particulars in response to the demand by the respondent, the respondent moved for an order of preclusion pursuant to CPLR 3042 (c). By order of the Supreme Court, Queens County (Durante, J.), dated April 24, 1985, the respondent's motion was granted and

the appellant was precluded from giving evidence at the trial of the items of which particulars had not been delivered, unless the appellant served a responsive bill of particulars within 20 days after the service upon him of a copy of the order. The appellant took no action in respect to the preclusion order for over six months after being served with a copy thereof until he was served with the respondent's motion for summary judgment. The appellant then moved pursuant to CPLR 2004 for an extension of the 20 days to serve a bill of particulars provided for in the conditional order of preclusion.

The appellant maintains that he was not required to serve a bill of particulars because he would be relying solely on the plaintiff's proof in the main action. This argument should have been made upon an initial challenge to the demand for a bill of particulars, or in opposition to the motion for the order of preclusion. The appellant did neither. Consequently, that argument will not now be considered.

In the absence of any excuse for the delay and considering the appellant's flagrant disregard of the order of preclusion, it was not an abuse of the court's discretion to deny the appellant's motion *(see, Lugardo v Folkes,* 110 AD2d 756, 757; *Schicchi v Green Constr. Corp.,* 100 AD2d 509).

The granting of the respondent's motion for summary judgment dismissing the second third-party complaint was proper based on the earlier order of preclusion. CPLR 3042 (c), which provides in pertinent part that "In the event that a party fails to furnish a bill of particulars * * * the court, upon notice, may preclude him from giving evidence at the trial of the items of which particulars have not been delivered", should be given its literal meaning in this case *(see, Lugardo v Folkes, supra).* Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.