■ In the Matter of ALLISON SIMMONS, an Infant, by Her Mother and Natural Guardian, CARIL SIMMONS, et al., Respondents, v BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT #17, FRANKLIN SQUARE et al., Appellants.—In an action, *inter alia,* to recover damages for failure to provide educational services and for malicious prosecution, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated May 2, 1988, as, upon reargument (1) adhered to a determination by the same court (Widlitz, J.), dated October 5, 1987, granting the plaintiffs' motion to add Arthur Finger as a party defendant, and (2) denied that branch of their cross motion which was to dismiss the action insofar as it is asserted on behalf of the infant plaintiff.

Ordered that the order is reversed insofar as appealed from, the plaintiffs' motion to add Arthur Finger as a party defendant is denied in its entirety, and the defendants' cross motion to dismiss the action insofar as it is asserted on behalf of the infant plaintiff is granted.

The plaintiffs virtually concede that service of a notice of claim upon the person they sought to add as a party was a condition precedent to maintenance of the action against him *(see,* Education Law § 3813; General Municipal Law § 50-e). However, it is evident that the notice of claim purportedly served on the proposed defendant was untimely and the plaintiffs made no application for leave to serve a late notice of claim. The Supreme Court thus should not have authorized the plaintiffs to join a party against whom the action could not be maintained *(see, Pierson v City of New York,* 56 NY2d 950; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492). Moreover, although a notice of claim was timely served on the originally-named defendants, that notice, insofar as it

was asserted by the infant plaintiff, was vacated by a conditional order which became self-executing upon her failure to comply with its terms. The defendants' motion to dismiss the action insofar as it is asserted on behalf of the infant plaintiff, submitted to a Supreme Court Justice other than the Justice who issued the conditional order, should have been granted, notwithstanding the infant plaintiff's belated claim that she should not have been directed to appear for examination pursuant to General Municipal Law § 50-h *(see, Martin v City of Cohoes,* 37 NY2d 162, 165; *Scott v Transkrit Corp.,* 91 AD2d 682; *see also, Spahn v Griffith,* 101 AD2d 1011; *cf., Bacogiannis v Sayan,* 134 AD2d 553). Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.