■ STELLA DIMITRATOS et al., Respondents, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered January 9, 1991, which denied defendant's motion for an order vacating plaintiffs' note of issue for an assessment of damages, denominated a "NOTE OF INQUEST" or, in the alternative, resettling an order of the same court, entered January 19, 1990, conditionally dismissing defendant's answer, unanimously affirmed, without costs.

While disposition on the merits is favored, this preference does not justify vacating a default judgment where the moving party fails to satisfy the two-prong burden of showing a meritorious defense and reasonable excuse for the default *(Eisenstein v Rose,* 135 AD2d 369). Ten months elapsed between plaintiffs' initial notice of discovery and inspection and the informal letter of inquiry from its attorney; three months elapsed between the letter and the IAS's court's first order; and another three months before the court's conditional order of dismissal—all without any kind of written response to plaintiffs' counsel. Finally, four months after the 60-day conditional order, defendant gave a response consisting of three largely illegible pages. Under the circumstances, the IAS

court's finding that defendant failed to meet its burden of showing a reasonable excuse was a sound exercise of discretion *(see, Sanders & Assocs. v Hague Dev. Corp.,* 100 AD2d 964)*. We agree with plaintiffs that the conditional order of dismissal was meant to be self-executing *(see, Matter of Simmons v Board of Educ.,* 169 AD2d 727)*. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.