■ RENP CORP., Respondent-Appellant, v EMBASSY HOLDING COMPANY et al., Respondents, EMB CORP. et al., Appellants-Respondents, et al., Defendants. [644 NYS2d 567] —In an action to recover damages based, *inter alia*, on the fraudulent transfer of assets, (1) the defendants Herman I. Kraus and EMB Corp. appeal from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 17, 1995, as denied the branch of the motion of the defendants The Embassy Holding Company, EMB Corp., Herman I. Kraus, and Embassy Holding Corp., formerly known as Balmoral Holding Corp., to dismiss the complaint insofar as asserted against Herman I. Kraus and EMB Corp., and (2) the plaintiff cross-appeals from so much of the same order as granted the branch of those defendants' motion which was to dismiss the complaint insofar as asserted against The Embassy Holding Company and Embassy Holding Corp., formerly known as Balmoral Holding Corp.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, without costs or disbursements, and the branch of the motion which was to dismiss the complaint insofar as it is asserted against Embassy Holding Corp., formerly known as Balmoral Holding Corp., and The Embassy Holding Company is denied, and the complaint is reinstated as against those defendants.

In a prior action (hereinafter Action No. 1), the plaintiff RENP Corp. (hereinafter RENP) sought a judgment in the sum of $600,000 against The Embassy Holding Corp., formerly known as Balmoral Holding Corp. (hereinafter Embassy Corp.), and The Embassy Holding Company (hereinafter Embassy Company). The complaint in Action No. 1 was based on the plaintiff's alleged rendering of its services as consultant "for the acquisition, construction, sale and operation of a structure to be erected" at 112-01 Queens Blvd., Forest Hills, Queens. In

a judgment dated August 30, 1993, the Supreme Court, New York County (Glen, J.), disposed of Action No. 1 by dismissing RENP's complaint against Embassy Company and awarding RENP the principal sum of $600,000 against Embassy Corp.

RENP subsequently commenced the present action against, among others, Embassy Corp., Embassy Company, EMB Corp. (hereinafter EMB), and Herman I. Kraus (hereinafter collectively the Embassy defendants). In the instant action, RENP demanded the sum of $889,355.31 (representing the principal sum of the judgment in Action No. 1 above, plus interest), and alleged, *inter alia,* that the defendant Kraus, after having caused Embassy Corp. to enter into the consultation contract with RENP, caused Embassy Corp. to "transfer substantial sums of money, or other assets, without fair consideration, to the remaining defendants".

On June 29, 1994, the Embassy defendants moved to dismiss the complaint insofar as asserted against them, arguing that it was barred by application of the doctrine of res judicata (CPLR 3211 [a] [5]). RENP's attorney submitted an affirmation in opposition. Following the submission of numerous additional affidavits in reply, the court issued its order granting the motion only to the extent of dismissing the complaint insofar as asserted against the two defendants (Embassy Corp. and Embassy Company) who were parties to the prior action. Kraus and EMB appealed from so much of the order as denied summary judgment to them and the plaintiff cross-appealed from so much of the order as granted summary judgment to Embassy Company and Embassy Corp. On appeal we reverse the order insofar as cross-appealed from and deny summary judgment to Embassy Corp. and Embassy Company.

The first action was based essentially on allegations of breach of contract, and involved proof of the circumstances surrounding the formation of the consultation agreement. The present action focuses instead on Herman I. Kraus' alleged self-dealing and undercapitalization of the corporate judgment debtor. Considering all the circumstances presented, we conclude that "[t]he differences which exist between the issues raised in the prior litigation and those raised now, namely, the differences in the kind of relief sought, in the kind of facts to be proved, and in the kind of law to be applied, outweigh the similarities to such an extent as to render the doctrine of res judicata inapplicable" (*Coliseum Tower Assocs. v County of Nassau,* 217 AD2d 387, 392). We also conclude that the Embassy defendants have failed to demonstrate that any of the issues of fact necessarily decided in the prior litigation are identical to those is-

sues which are critical to their defense in the present litigation, and that dismissal is therefore not warranted on the basis of collateral estoppel (*see generally, Ryan v New York Tel. Co.,* 62 NY2d 494; *Sun Ins. Co. v Hercules Sec. Unlimited,* 195 AD2d 24, 30-32). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.