■ AMNON GAD, Appellant, v LLOYD I. GELB et al., Respondents. [655 NYS2d 399] —In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme

Court, Nassau County (O'Brien, J.), entered March 8, 1996, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is denied, the complaint is reinstated, and the plaintiff's cross motion for partial summary judgment on the issue of liability is granted.

We agree with the plaintiff that his earlier action for summary judgment in lieu of complaint commenced pursuant to CPLR 3213 does not bar the instant fraud action. At the time that he commenced the earlier action, the plaintiff did not know of the defendants' fraudulent conduct (*cf., Smith v Russell Sage Coll.*, 54 NY2d 185, 193). In any event, the differences between the issue raised in the prior action and the issue raised now renders the doctrine of res judicata inapplicable (*see, RENP Corp. v Embassy Holding Co.*, 229 AD2d 381).

With respect to the fraud action, the defendants do not dispute that they knowingly made a false representation to the plaintiff. They argue only that the plaintiff was unjustified in relying upon the misrepresentation and should not have done so. We disagree (*see, Schwenck v Naylor*, 102 NY 683; 60 NY Jur 2d, Fraud & Deceit, §§ 64, 157). Accordingly, the plaintiff is entitled to partial summary judgment on the issue of liability. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.