■ FIRST CAPITAL ASSET MANAGEMENT, INC., Appellant, v N.A. PARTNERS, L.P., et al., Respondents, and ESTATE OF SOLEYMAN VAHABZADEH, Deceased, et al., Respondents. [688 NYS2d 25] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 30, 1998, which dismissed the petition brought pursuant to CPLR article 52 to enforce a judgment as against respondents the Estate of Soleyman Vahabzadeh and Sohrab Vahabzadeh, unanimously modified, on the

law, to vacate so much of the judgment as dismissed the petition as against respondent Sohrab Vahabzadeh and to reinstate the petition as against him to enforce the judgment entered May 13, 1997, in a prior action entitled *First Capital Asset Mgt. v North Am. Consortium* (NY County, Index No. 133996/94), insofar as it alleges that judgment debtors North American Consortium, Inc. and North American Capital Guaranty, Inc., are alter egos of such respondent, and otherwise affirmed, without costs.

In a prior action, petitioner First Capital Asset Management, Inc. obtained a judgment, entered in May 1997, against N.A. Partners, L.P. (N.A. Partners) and North American Consortium, Inc. (N.A. Consortium) for payment of the purchase price for stock of an affiliate of petitioner that was to be purchased by such entities pursuant to an October 1993 stock purchase agreement. The judgment, however, dismissed the complaint in the prior action as against respondent Sohrab Vahabzadeh (Sohrab), who wholly owns and controls such entities, based on the Supreme Court's determination that Sohrab, although a signatory of the stock purchase agreement, had only undertaken to observe a restrictive covenant in his individual capacity, and was not personally liable for payment of the purchase price.

In April 1997, petitioner commenced this proceeding to enforce the judgment in the prior action. Default judgment has been taken in this proceeding against a third entity wholly owned and controlled by Sohrab, respondent North American Capital Guaranty, Inc. (N.A. Capital Guaranty), based on N.A. Capital Guaranty's status as general partner of N.A. Partners. Supreme Court granted summary judgment dismissing the petition as against respondents Sohrab and the Estate of Soleyman Vahabzadeh, Sohrab's father (Soleyman), however, from which this appeal is taken.

Supreme Court properly ruled on the legal sufficiency of petitioner's claims against Soleyman's Estate, since the motion by Soleyman's Estate to dismiss on Statute of Limitations grounds, *inter alia*, required the court to analyze the causes of action pleaded (*see, Gold v New York State Bus. Group*, 255 AD2d 628), and petitioner itself raised the issue of the legal sufficiency of its claims against Soleyman's Estate in its papers opposing the motion.

Turning to the merits of petitioner's claims against Soleyman's Estate, we agree with the Supreme Court that, as a matter of law, petitioner was not a third-party beneficiary of Soleyman's alleged agreement to finance the performance of

the entities controlled by Sohrab of their obligation under the stock purchase agreement to pay petitioner the purchase price for the stock of its affiliate, since there is no allegation that Soleyman was to furnish the funds directly to petitioner, nor is there an allegation of any contractual language or other circumstances from which an intent to confer a benefit on petitioner could be inferred (*see, Artwear, Inc. v Hughes*, 202 AD2d 76, 82). Moreover, Soleyman's agreement, as alleged, only required him to provide the funds at Sohrab's request upon the closing of the stock purchase transaction. Because that transaction has never proceeded to closing, and petitioner does not now allege that it would be prepared to perform its obligations under the stock purchase agreement if the purchase price were tendered to it, Soleyman's Estate would have no obligation to provide the funds even if the judgment debtors requested them. Accordingly, Soleyman's financing agreement does not give rise to any debt to the judgment debtors "which is past due or which is yet to become due, certainly or upon demand of the judgment debtor[s]" (CPLR 5201 [a]), against which the judgment may be enforced in a proceeding under CPLR 5227. In view of our affirmance of the dismissal of Soleyman's Estate from the proceeding on these grounds, it is unnecessary to reach the Statute of Limitations, service and joinder issues raised by the Estate's motion.

We disagree with the Supreme Court's holding in the order underlying the appealed judgment that the petition was barred by principles of res judicata insofar as it sought to enforce the judgment in the prior action against Sohrab based on allegations that N.A. Consortium and N.A. Capital Guaranty were his alter egos. The dismissal of the complaint as against Sohrab in the prior action was based on the finding that he was not personally liable for the purchase price under the terms of the stock purchase agreement, and did not preclude a subsequent proceeding to enforce the judgment against Sohrab based on allegations that would support piercing the corporate veil of the judgment debtors (*see, Rebh v Rotterdam Ventures*, 252 AD2d 234; *RENP Corp. v Embassy Holding Co.*, 229 AD2d 381, 382; *Dannasch v Bifulco*, 184 AD2d 415), inasmuch as "the necessary elements of proof and evidence required to sustain recovery vary materially" (*Jefferson Towers v Public Serv. Mut. Ins. Co.*, 195 AD2d 311, 313). We affirm the dismissal of the petition insofar as it seeks recovery against Sohrab on theories of fraudulent conveyance, constructive trust, and breach of fiduciary duty, however, on grounds of legal insufficiency. Although Sohrab did not move to dismiss the petition for failure to state a cause of action, his motion to dismiss

on the ground of res judicata, like the Estate's motion on Statute of Limitations grounds, necessitated an ascertainment of the true nature of the claims. Moreover, petitioner's brief on this appeal specifically raises the issue of the legal sufficiency of these theories, eliminating any possibility of prejudice in our ruling thereon. Concur—Rosenberger, J. P., Nardelli, Williams and Andrias, JJ.