■ In the Matter of Cy GREENE, Appellant, v Louis LOMBARDI, Respondent. [690 NYS2d 437] —Appeal from order, Supreme Court, New York County (Richard Braun, J.), entered May 12, 1998, which, in a CPLR article 78 proceeding to compel respondent's production of records pursuant to the Freedom of Information Law, granted respondent's cross motion to dismiss the petition on default, unanimously dismissed, without costs.

No appeal lies from an order entered on default (CPLR 5511). Petitioner's remedy is a motion to vacate the default, and if that motion is denied, appeal therefrom (*see, Nedell v Sprigman*, 227 AD2d 163). Concur—Rosenberger, J. P., Mazzarelli, Rubin, Andrias and Buckley, JJ.

■ RHODA KRAUS, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY et al., Appellants. (And a Third-Party Action.) [690 NYS2d 590] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about May 21, 1998, which denied defendants-appellants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In light of the discrepancy between the deposition testimony of defendant A & P's deposition witness and the incident report prepared at its instigation, there remains a triable issue of fact as to whether defendants had notice of the alleged defective condition to which plaintiff attributes her accident and injury. Defendant American Revolving Door's deposition witness did not have sufficient knowledge of the relevant facts to eliminate that factual issue. Accordingly, since the record evidence does not establish, as a matter of law, that defendants were without actual or constructive notice of the alleged hazard, the motion and cross motion for summary judgment dismissing the complaint were properly denied (*see, Giambrone v New York Yankees*, 181 AD2d 547, 548). Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.