■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM IRRIZARRY, Appellant. [716 NYS2d 303] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered March 10, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 5 to 10 years, and otherwise affirmed.

Evidence concerning an uncharged contemporaneous sale was properly admitted since it completed the narrative of events, was relevant to the contested issue of identity, and was not unduly prejudicial (*People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). However, we find the sentence imposed excessive to the extent indicated.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.

■ JOHN LEGRAND, Plaintiff, v D.U. SECOND REALTY Co. et al., Defendants and Third-Party Plaintiffs-Respondents. FERLIN SERVICE INDUSTRIES, INC., Third-Party Defendant-Appellant. [716 NYS2d 304] —Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about October 25, 1999, which denied the third-party defendant's motion for summary judgment dismissing the third-party complaint and all cross claims, unanimously affirmed, without costs.

Because the conditional order striking the third-party defendant's answer became self-executing upon failure to comply with its terms (*see, Dimitratos v City of New York*, 180 AD2d 414; *Matter of Simmons v Board of Educ.*, 169 AD2d 727), the third-party defendant had no pleading before the court. Accordingly, its motion for summary judgment was untimely and properly denied (*see, Alro Bldrs. & Contrs. v Chicken Koop*, 78 AD2d 512; CPLR 3212 [a]). In any event, summary judgment in favor of the third-party defendant was unavailable on the merits since there exist material issues of fact as to whether it created the alleged hazardous condition or had notice thereof. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.