■ In the Matter of the Estate of Geneste Gavrin, Deceased. Herbert M. Levy et al., Respondents; Ethel Kabler et al., Appellants. [742 NYS2d 816] —Appeal from order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 3, 1999, upon application of one cocommittee person (herein respondent) and the default of the other two cocommittee persons (herein appellants), approving and settling the committee's final accounting of the deceased incompetent person's estate and directing distribution of its assets, unanimously dismissed, without costs. Judgment, Supreme Court, New York County (Stanley Parness, J.), entered March 16, 2001, directing distribution of the decedent's assets, and bringing up for review an order, same court (Beatrice Shainswit, J.), entered December 6, 2000, which, inter alia, deemed appellants' cross motion to renew or reargue the August 3, 1999 order as a motion to vacate appellants' default on that order, and, so considered, denied the motion, unanimously affirmed, without costs. Appeal from the order entered December 6, 2000, unanimously dismissed, without costs, as untimely and as subsumed in the appeal from the judgment.

The appeal from the August 3, 1999 order must be dismissed as no appeal lies from an order entered on default (CPLR 5511). Appellants' cross motion to renew or reargue that order was properly deemed one to vacate their default (*cf., Matter of Greene v Lombardi*, 262 AD2d 35), and properly denied for failure to show a reasonable excuse for the default (*see, Dimitratos v City of New York*, 180 AD2d 414). Appellants attribute the default to the death of an attorney who represented them as committee persons for the decedent, but do not explain why

they did not contact a second attorney who represented them in the same capacity or otherwise respond in any manner to respondent's repeated communications requesting their participation in the accounting. Even after learning of the attorney's death, it appears, upon this record, that appellants simply ignored respondent's communications. Given the availability of cocounsel, we reject appellant's argument that the death of their attorney effected a stay under CPLR 321 (c). We also reject appellant's argument that law of the case establishing their right to certain of the decedent's bank accounts was established by prior orders in the conservatorship terming such accounts as Totten trusts. The prior proceedings did not actually litigate the issue of whether the accounts were Totten trusts, and, moreover, interested parties did not have a full and fair opportunity to participate therein (see, People v Evans, 94 NY2d 499, 502-503; Spa Realty Assoc. v Springs Assoc., 256 AD2d 1001, 1003). We have considered and rejected appellants' other arguments. Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.