■ LEGEND TRAVEL & TOURS, INC., Doing Business as LEGEN.COM, Appellant, v CONTINENTAL AIRLINES, INC., Respondent, et al., Defendants. [804 NYS2d 248]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 14, 2004, which, inter alia, denied plaintiff's motion to vacate an order entered on its default granting the *motion of defendant Continental Airlines, Inc. to dismiss the action* as against it, unanimously affirmed, without costs.

Vacatur of an order on the ground of excusable default requires a demonstration of both a reasonable excuse and the legal merit of the asserted claim or defense (*see Dimitratos v City of New York*, 180 AD2d 414 [1992]). The excuse proffered by plaintiff for its default, namely its former counsel's incapacity, was not substantiated and, as such, was properly deemed insufficient by the motion court (*see Matter of Gavrin*, 294 AD2d 185 [2002]; *Brown v Brown*, 148 AD2d 377, 380-381 [1989]). Concur—Buckley, P.J., Tom, Saxe, Gonzalez and Malone, JJ.

■ MIGUEL MUNOZ, Appellant, v 221 WEST 16TH REALTY LLC, Respondent. [804 NYS2d 248]—Order, Supreme Court, New York County (Richard F. Braun, J.), entered June 15, 2004, which, in an action pursuant to Real Property Law § 223-b to recover damages for a retaliatory eviction proceeding, denied plaintiff's motion to vacate a judgment dismissing the action upon his failure to appear at a conference, and for leave to serve an amended complaint adding a cause of action for malicious prosecution and claims for punitive damages and attorneys' fees, unanimously affirmed, without costs.

The cause of action for retaliatory eviction and the proposed cause of action for malicious prosecution are barred by the applicable one-year statute of limitations (CPLR 215 [3], [7]).

Accordingly, plaintiff fails to show a meritorious cause of action warranting vacatur of the default judgment. Concur—Buckley, P.J., Tom, Saxe, Gonzalez and Malone, JJ.