■ Stephanie L. Berardo, as Surviving Spouse and Administratrix of the Estate of Francis Lindner, Deceased, et al., Respondents, v Jacques Guillet et al., Appellants. [926 NYS2d 521]—

Given "the strong public policy of this State to dispose of cases on their merits, the motion court improvidently exercised its discretion in denying defendants' motion to vacate the default order" (*Chelli v Kelly Group, P.C.*, 63 AD3d 632, 633 [2009] [citation omitted]), made upon a showing of excusable default and a meritorious defense (*Chevalier v 368 E. 148th St. Assoc., LLC*, 80 AD3d 411, 413 [2011]). Defendants demonstrated that their failure to oppose summary judgment was not willful (*see DaimlerChrysler Ins. Co. v Seck*, 82 AD3d 581 [2011]), and that they had no knowledge of the summary judgment motion or that their attorney, Mr. Deutsch, was so ill that he was unable to defend the motion.

Regarding reasonable excuse, Ms. Turchin, the counsel who represented defendants on their motion to vacate, and who had obtained stipulations to adjourn the summary judgment motion while acting of counsel for that limited purpose, affirmed to the motion court that Mr. Deutsch had requested that she obtain the adjournments because he was seriously ill. She was surprised to learn that the motion had been granted on default because he told her he had obtained an additional adjournment. According to Ms. Turchin, a few months after the summary judgment motion was granted on default, the 86-year-old counsel of record died from heart disease and kidney failure. While plaintiffs' counsel denied that an additional adjournment was granted, plaintiffs did not contest the seriousness of Mr. Deutsch's medical condition at the time the motion was filed.

In denying the motion to vacate the default judgment, the

motion court merely focused on plaintiffs' denial that there was a consent adjournment, and evidently did not consider that the default was inadvertent, apparently caused by the ultimately fatal illness of counsel of record which negatively impacted his ability to defend the summary judgment motion and/or caused his law office failure, leading to the granting of plaintiffs' motion by default in an action that had been vigorously litigated.

Defendants have shown the "existence of a possibly meritorious defense" (*Tat Sang Kwong v Budge-Wood Laundry Serv.*, 97 AD2d 691, 692 [1983]; *compare JP Morgan Chase Bank, N.A. v Bruno*, 57 AD3d 362 [2008]) in this action which seeks to pierce the corporate veil, by submission of their verified answers that deny the allegations pertinent to such a claim, and by their affidavits in support of the motion to vacate the judgment entered by default. Concur—Friedman, Catterson, Renwick and Abdus-Salaam, JJ.

Tom, J.P., dissents in a memorandum as follows: A motion to vacate a default judgment is addressed to the sound discretion of the court (*Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831, 832 [1987]), and no abuse thereof has been established here. Defendants failed to demonstrate both a reasonable excuse and a meritorious defense to warrant vacating their default (*see Youni Gems Corp. v Bassco Creations Inc.*, 70 AD3d 454 [2010], *lv dismissed* 15 NY3d 863 [2010]), which they attribute to their former counsel, Lawrence E. Deutsch, now deceased. Indeed, the record discloses that plaintiffs consented to two prior adjournments of their summary judgment motion, each of which was memorialized in a written stipulation signed by defendants' current counsel. Defendants' excuse that they had been misled by a purported oral agreement presumably obtained by Mr. Deutsch to adjourn the dispositive motion for a third time is unsubstantiated by the requisite stipulation (CPLR 2104) or a probative affirmation. It rests entirely on current counsel's account of a conversation with the deceased attorney. Having obtained two prior adjournments upon written stipulation, counsel concedes that she had been informed by plaintiffs' attorney that they would not consent to any further delay in the proceedings. Yet she now maintains that she was informed by Mr. Deutsch that he had obtained a further adjournment and that it had been obtained orally, despite the parties' practice of memorializing stipulated adjournments in a signed writing. This contention is hearsay and must be discounted.

To the extent defendants urge that Mr. Deutsch was too sick to oppose the motion, such assertion is likewise devoid of evidentiary support (*see Legend Travel & Tours, Inc. v Continental*

*Airlines, Inc.*, 24 AD3d 112 [2005]; *DeSimone v Barry, Bette & Led Duke,* 252 AD2d 948 [1998]). There is no indication that any health issue sufficiently serious to impair his ability to represent defendants' interests was evident to opposing counsel, present counsel or defendants themselves. Defendants reason post hoc ergo propter hoc that because Mr. Deutsch died in August 2008, his poor health was the cause of their default on May 5th. This suggestion is unsupported by medical evidence and conclusory.

Regarding a meritorious defense, contrary to defendants' argument raised for the first time on appeal, a verdict exonerating them of liability in the prior wrongful death action in which certain corporate defendants were found to be liable for negligence, does not warrant application of the doctrine of res judicata in this action seeking to pierce the corporate veil of entities closely held by the individual defendants. The necessary elements of proof and evidence required in each of the two actions vary so materially as to preclude application of the doctrine in this action (*see First Capital Asset Mgt. v N.A. Partners,* 260 AD2d 179 [1999], *lv denied* 93 NY2d 817 [1999]). Defendants' contention that the complaint is insufficiently pleaded is also asserted for the first time on appeal. Contrary to that contention, evidentiary material viewed in conjunction with the pleadings, including deposition testimony of individual defendants/sole shareholders of defendant corporate entities, supports a finding that plaintiffs had indeed adequately pleaded a claim for piercing the corporate veil (*see Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.,* 210 AD2d 24 [1994]; *see also Forum Ins. Co. v Texarkoma Transp. Co.,* 229 AD2d 341 [1996]). Apart from defendants' bald denial of the allegations of the complaint and counsel's recitation that "the defendants have a meritorious defense," the moving papers provided the motion court with no basis upon which to assess the merits of the purported defense.

While there is a preference in law that cases be decided on their merits, it does not dispense with the need for a reasonable excuse for a default in appearance and a meritorious defense to the action. While the preference may be invoked "where the proffered excuse is less than compelling" (*Catarine v Beth Israel Med. Ctr.,* 290 AD2d 213, 215 [2002]), it has no application where the excuse is without evidentiary support and the merits of the defense are unstated. It is particularly inappropriate in a case such as this, in which plaintiffs have been obliged to make numerous applications to the courts in the attempt to overcome defendants' dilatory tactics and evasive and obstructionist

conduct during the two actions. Finally, it cannot be said that vacating defendants' default would not result in prejudice to plaintiffs, whose attempt to collect on a judgment that was entered in August 2000 will be further delayed.

Accordingly, the order should be affirmed.