Bank of N.Y. Mellon v Muriqi (2022 NY Slip Op 02972)





Bank of N.Y. Mellon v Muriqi


2022 NY Slip Op 02972


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-14663
 (Index No. 501278/19)

[*1]Bank of New York Mellon, etc., appellant,
v
Emrije Muriqi, respondent, et al., defendants.


Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas and Patricia M. Lattanzio of counsel), for appellant.
Michael G. Santangelo, White Plains, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated December 17, 2019. The order granted the motion of the defendant Emrije Muriqi pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed, with costs.
On August 10, 2005, the defendant Emrije Muriqi (hereinafter the defendant) executed a note in the sum of $200,000 in favor of America's Wholesale Lender. The note was secured by a mortgage on certain real property located in Lake Peekskill.
On October 2, 2009, the plaintiff, the successor in interest to America's Wholesale Lender, commenced an action to foreclose the mortgage against the defendant, among others. On October 27, 2009, the plaintiff entered into a stipulation with the defendant, in which the defendant agreed to make monthly payments to pay total arrears in the sum of $14,919.16. In the stipulation, the defendant acknowledged that she had no defense to the foreclosure action, and she agreed to withdraw any answer she previously interposed in the action. The stipulation further stated that "Defendant further understands that Plaintiff is under no obligation to permit the reinstatement of the Mortgage and that this is being done at the Defendant's request and for Defendant's benefit only." The stipulation did not state the total amount of the mortgage debt. In an order dated November 5, 2012, the Supreme Court directed dismissal of the complaint in the 2009 action pursuant to CPLR 3216 on the ground that the plaintiff had failed to prosecute the action.
On September 23, 2014, the plaintiff commenced a second action to foreclose the mortgage against the defendant, among others. The complaint alleged that the defendant had defaulted under the terms of the note and mortgage in February 2010. On October 31, 2016, the Supreme Court directed dismissal of the complaint at a court appearance, determining that the plaintiff had failed to follow the court's directives. In an order dated March 14, 2019, the court denied the plaintiff's motion, inter alia, to vacate the dismissal of the complaint.
On July 31, 2019, the plaintiff commenced this action to foreclose the [*2]mortgage against the defendant, among others. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. In opposition, the plaintiff argued that by agreeing to the 2009 stipulation, the defendant reaffirmed the debt and reset the statute of limitations. In an order dated December 17, 2019, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Acceleration occurs, inter alia, by the commencement of a foreclosure action (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32; Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670).
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 693). "The burden then shift[s] to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892). Here, the defendant established, prima facie, that this action was time-barred by showing that more than six years had elapsed since the debt was accelerated by the commencement of the 2009 action.
In opposition, the plaintiff failed to raise a question of fact as to whether the action was timely. "General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Lynford v Williams, 34 AD3d 761, 762). "A writing, in order to constitute an acknowledgment of a debt, must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it" (Estate of Vengroski v Garden Inn, 114 AD2d 927, 928; see Commodore Factors Corp. v Deutsche Bank Natl. Trust Co., 189 AD3d 766, 768). Here, the Supreme Court properly determined that the 2009 stipulation "did not constitute an unqualified acknowledgment of the debt or manifest a promise to repay the debt" (Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d 886, 888; see Petito v Piffath, 85 NY2d 1, 7-8; 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 987).
Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint insofar as asserted against her as time-barred.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court