Federal Natl. Mtge. Assn. v Bandhu (2023 NY Slip Op 01180)

Federal Natl. Mtge. Assn. v Bandhu

2023 NY Slip Op 01180

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-10754
 (Index No. 515249/16)

[*1]Federal National Mortgage Association, appellant,
v
Brijwattie Bandhu, respondent, et al., defendants.

Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, David P. Case, and Rebecca L. Konst], of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 24, 2019. The order (1) granted the motion of the defendant Brijwattie Bandhu for leave to reargue her prior motion, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of a prior order of the same court dated June 25, 2018, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference, and, thereupon, to deny those branches of the plaintiff's motion and for summary judgment dismissing the complaint insofar as asserted against her as time-barred, which prior motion had been denied in an order of the same court dated March 11, 2019, and (2), upon reargument, in effect, vacated the order dated March 11, 2019, and granted that defendant's prior motion.
ORDERED that the order dated July 24, 2019, is affirmed, without costs or disbursements.
In June 2008, the defendant Brijwattie Bandhu (hereinafter the defendant) borrowed the sum of $600,000, secured by a mortgage on certain property in Brooklyn. On August 6, 2010, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2010 action). In November 2014, the Supreme Court directed dismissal of the complaint in the 2010 action as abandoned pursuant to CPLR 3215(c). On August 30, 2016, the plaintiff commenced the instant action to foreclose the mortgage. Through her attorney, André Ramón Soleil, the defendant submitted an answer which contained several affirmative defenses, including that the instant action was untimely commenced more than six years after the acceleration of the debt effected by commencement of the 2010 action. In February 2018, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant did not oppose the motion. In an order dated June 25, 2018, the Supreme Court, inter alia, granted those branches of the unopposed motion. A copy of the order with notice of entry was mailed to the defendant personally on October 11, 2018.
On or about October 30, 2018, the defendant moved, through new counsel, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated June 25, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and, thereupon, to deny those branches of the plaintiff's motion and for summary judgment dismissing the complaint [*2]insofar as asserted against her as time-barred. The excuse offered for the defendant's default in opposing the plaintiff's motion was that Soleil had disappeared. In an order dated March 11, 2019, the Supreme Court denied the defendant's motion, rejecting the defendant's proffered excuse as unsubstantiated hearsay. The defendant thereafter moved for leave to reargue her prior motion. In an affirmation submitted in support of the motion, the defendant's counsel averred that it was the court's personnel who had informed him that Soleil had disappeared, and argued that the court should have considered the known disappearance of Soleil as a legitimate excuse for the defendant's default. In support of the motion the defendant also submitted a copy of an opinion and order of this Court dated May 29, 2019, disbarring Soleil for, among other acts, failing to cooperate with an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) into four complaints of professional misconduct asserted against him. The opinion and order stated that Soleil had failed to answer the Grievance Committee's verified petition, and had failed to oppose the Grievance Committee's motion to deem the charges against him established. In an order dated July 24, 2019, the Supreme Court granted the defendant's motion for leave to reargue and, upon reargument, in effect, vacated the order dated March 11, 2019, and granted her prior motion. The plaintiff appeals.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285 [internal quotation marks omitted]; see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). The court has discretion to accept law office failure as a reasonable excuse where that claim "is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see U.S. Bank N.A. v Stathakis, 202 AD3d 1026, 1026; Bank of Am., N.A. v Murjani, 199 AD3d 630, 631). However, conclusory and unsubstantiated allegations of law office failure are not sufficient (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876; U.S. Bank, N.A. v Imtiaz, 198 AD3d 1005, 1007).
Generally, a party may not rely on inadmissible hearsay to demonstrate the proffered excuse for a default (see Rosenzweig v Gubner, 194 AD3d 1086, 1089; Shy v Shavin Corp., 174 AD3d 936, 937; Ward v New York City Health & Hosps. Corp., 82 AD3d 471, 472; cf. Berardo v Guillet, 86 AD3d 459, 459-460). However, as opposed to cases in which current counsel proffered conclusory allegations of law office failure by prior counsel where a detailed affidavit from the relevant attorney could have been provided (see e.g. Matter of Maya Assur. Co. v Long Sheng Zheng, 207 AD3d 632, 633; Bank of Am., N.A. v Murjani, 199 AD3d at 631), here, Soleil's disappearance prevented the defendant from obtaining an affidavit from Soleil detailing his failures (see Berardo v Guillet, 86 AD3d at 459-460). Further, Soleil's disappearance was substantiated, at least in part, by his failure to respond to complaints to the Grievance Committee around the time period of the plaintiff's summary judgment motion, and the plaintiff's service of the order dated June 25, 2018, with notice of entry on the defendant personally.
Moreover, the defendant moved to vacate her default within one month of service upon her of the order dated June 25, 2018, with notice of entry (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 615; cf. Matter of Maya Assur. Co. v Long Sheng Zheng, 207 AD3d at 633), and the record fails to reveal a pattern of willful default and neglect by the defendant (cf. Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d at 876). In light of those factors, the lack of prejudice to the plaintiff, and the strong public policy in favor of resolving cases on the merits (see Hamilton v New York Hosp. Queens, 183 AD3d 621, 623), under the particular circumstances of this case, the Supreme Court providently exercised its discretion in accepting the defendant's excuse for her default in opposing the plaintiff's motion that her prior counsel had disappeared (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d at 615; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 558; Berardo v Guillet, 86 AD3d at 459-460).
Further, the defendant demonstrated meritorious opposition to the plaintiff's motion, and established, prima facie, that the action was time-barred. An action to foreclose a mortgage is [*3]subject to a six-year statute of limitations (see CPLR 213[4]; Citibank, N.A. v Kletzky, 196 AD3d 459, 461). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 692; Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). Acceleration may occur, among other ways, by the commencement of a foreclosure action (see J.P. Morgan Mtge. Acquisition Corp. v Gonzalez, 205 AD3d 695, 696; Bank of N.Y. Mellon v Muriqi, 205 AD3d 667, 668).
Here, the plaintiff commenced the 2010 action on August 6, 2010. The plaintiff did not commence the instant action until August 30, 2016, more than six years after the debt was accelerated by the commencement of the 2010 action (see Bank of N.Y. Mellon v Muriqi, 205 AD3d at 668). The Supreme Court directed dismissal of the complaint in the 2010 action as abandoned pursuant to CPLR 3215(c), and the statute of limitations later expired (see Wilmington Sav. Fund Socy., FSB v 117 Pulaski, LLC, 197 AD3d 686, 686-687; 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 986; JBR Constr. Corp. v Staples, 71 AD3d 952, 953).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's arguments on its original motion for summary judgment that the statute of limitations was tolled by CPLR 205(a) and/or RPAPL 1304 were without merit (see Christiana Trust v Barua, 184 AD3d 140, 151; HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 506-507; cf. Wells Fargo Bank N.A. v Kehres, 199 AD3d 869, 870-871).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting reargument and, upon reargument, in effect, vacating the order dated March 11, 2019, and granting that branch of the defendant's prior motion which was, in effect, to vacate so much of the order dated June 25, 2018, as granted those branches of the plaintiff's motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. Thereupon, the court properly denied those branches of the plaintiff's motion and granted that branch of the defendant's prior motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court