Diaz De-Rivas v Esplanade 99 LLC (2025 NY Slip Op 06131)

Diaz De-Rivas v Esplanade 99 LLC

2025 NY Slip Op 06131

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 159436/18|Appeal No. 5110|Case No. 2024-04251|

[*1]Maria A. Diaz De-Rivas, Plaintiff-Appellant,
v
Esplanade 99 LLC, Defendant-Respondent, NYC Elegant Interior, Corp., Defendant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Molod Spitz & DeSantis P.C., New York (Robert A. Von Hagen of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered June 27, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to vacate an order, same court and Justice, entered April 23, 2024, granting, upon her default, defendant Esplanade 99 LLC's motion for summary judgment dismissing the amended complaint as against it, unanimously reversed, on the law and in the exercise of discretion, without costs, the motion granted, and the matter remitted for further proceedings consistent with this decision.
Supreme Court should have granted plaintiff's motion to vacate the order, entered upon her default, granting Esplanade's summary judgment motion (see generally SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38-39 [1st Dept 2023]). While the parties agreed to a second stipulation to adjourn the return date of Esplanade's motion for more than 60 days, plaintiff failed to properly submit the stipulation to the court (see Uniform Rules for Trial Cts [22 NYCRR] § 202.8 [e]). Counsel's belief that an adjournment had been granted amounts to a law office failure, which is a reasonable excuse for the default (Mejia v Ramos, 113 AD3d 429, 430 [1st Dept 2014] [internal quotation marks omitted]). "Absent a pattern of dilatory behavior, the default was an excusable, one-time oversight, resulting in no prejudice" (US Bank N.A. v Richards, 155 AD3d 522, 522-523 [1st Dept 2017]). Supreme Court failed to articulate any explanation as to why plaintiff's proffered excuse was not reasonable.
Plaintiff also demonstrated a potentially meritorious opposition to the various defenses raised in Esplanade's motion, a burden that is lighter than that which is required to defeat summary judgment (see Berardo v Guillet, 86 AD3d 459, 460 [1st Dept 2011]; Williams v City of New York, 71 AD3d 605, 606 [1st Dept 2010]; Vitiello v Mayrich Constr. Corp., 255 AD2d 182, 183 [1st Dept 1998]). Accordingly, upon remittal, Supreme Court should determine Esplanade's summary judgment motion on the merits, following briefing by the parties.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025