■ THOMAS FERGUS, Appellant, v BROOKLYN LAW SCHOOL, Respondent. [665 NYS2d 81] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about April 11, 1997, which granted defendant's motion to vacate a default and the order directing an inquest, unanimously reversed, on the law, with costs and disbursements, the motion denied and the parties directed to proceed to inquest.

Plaintiff sues for personal injuries sustained as a result of a fire, allegedly caused by overheating inside the outlet next to his bed, in a residential building owned and operated by defendant. In a letter to defendant dated May 28, 1996, plaintiff's attorney set forth a detailed analysis of defendant's misconduct and plaintiff's damages and invited serious settlement negotiations. Attached to the letter was a draft complaint, which, according to the letter, counsel would "refrain from * * * serving * * * for twenty * * * days." After being told by defendant's liability insurer that it was "not interested in settling the case", plaintiff, on June 18, 1996, served a summons and complaint on defendant. No answer or notice of appearance was interposed. On November 1, 1996, the IAS Court granted plaintiff's motion for a default judgment and set the matter down for inquest. Subsequently, on March 26, 1997, defendant moved to vacate the default on the ground that defendant did not realize that a lawsuit had been commenced. Defense counsel noted that both the complaint and the draft complaint that had been attached to the May 28, 1996 pre-litigation letter from plaintiff's counsel lacked index numbers and that both complaints appeared to be identical.

As subsequent events disclose, defendant's counsel had removed the summons from the packet containing the summons and complaint, a unified document bound together by three large staples and a blue litigation back, on which defen-

dant had admitted service. The removed summons showed the index number assigned to the case, the filing date and County Clerk's red stamp. The alteration was compounded by the fact that with the summons and complaint plaintiff had served a "First Request for the Production of Documents", which also, on the first page, contained the index number, clearly marked. A demonstrably false excuse will not justify the vacatur of a default.

Nor has defendant shown a meritorious defense. In his affidavit, one of defendant's officers refers to the opinion of "an expert in the field", not otherwise identified, "who has made a determination that the fire was not caused by a defect in the electrical wiring * * * [but] by the overloading of an extension cord." Aside from its hearsay nature, the proffered defense fails because it is devoid of details or supporting facts. (*See, e.g., Maida v Rite Aid Corp.*, 210 AD2d 589, 591.) Thus, defendant failed to establish either of the prerequisites for vacatur of a default. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.