JP MORGAN CHASE BANK, N.A., Formerly Known as JP Morgan Chase Bank, Appellant, v ANNA BRUNO, Also Known as ANNA LOCICERO-BRUNO, et al., Defendants, and CITIBANK, N.A., Respondent. [869 NYS2d 451]—

On August 25, 2006, plaintiff commenced this action to foreclose a mortgage given to it by defendant Anna Bruno. The action was also commenced against Anna Bruno's husband, Joseph Bruno. While the mortgage listed only Anna Bruno as the mortgagor, plaintiff asserted causes of action for reformation to add Joseph Bruno as a mortgagor and for an equitable mortgage

against him. Citibank, which held a money judgment against Joseph Bruno, was also named as a defendant. Plaintiff personally served Citibank's designated agent (*see* CPLR 318) on August 30, 2006; Citibank's deadline to answer was September 19, 2006 (*see* CPLR 320 [a]). After Citibank failed to answer, plaintiff obtained summary judgment on its complaint, and a judgment of foreclosure and sale, dated April 30, 2007, was entered in the Bronx County Clerk's Office on May 7, 2007.

By an order to show cause dated May 24, 2007, Citibank moved under CPLR 5015 to vacate the judgment of foreclosure and sale. In support of the motion, Citibank submitted the affidavit of one of its assistant vice-presidents, who averred Citibank "only recently learned of this action through the efforts of Day Pitney [i.e., Citibank's counsel], who advised Citibank of the action after an examination of court websites." The vice-president also averred that Day Pitney could not represent Citibank in this action because of a conflict of interest and that another firm Citibank sought to retain in this matter also had a conflict of interest that prevented the firm from representing Citibank. According to the vice-president, on or about April 20, 2007, Citibank retained a firm to represent it in this case. Citibank also submitted the affirmation of its counsel, who asserted that because only Anna Bruno was listed as a mortgagor, plaintiff "may enforce its interest, but only as to [her] interest in the Premises. Thus, [plaintiff's] lien does not encumber Joseph Bruno's rights to the Premises. [Plaintiff] is now improperly seeking to reform the mortgage to add Joseph Bruno as a mortgagor, which was clearly intended to be given only by Anna Bruno. [Plaintiff] is not entitled to an equitable lien on the entire premises because its rights were fixed at the time the mortgage was executed and cannot be enlarged to give [plaintiff] more rights th[a]n it is entitled to." Plaintiff opposed the motion, arguing that Citibank failed to demonstrate both a reasonable excuse for its default and a potentially meritorious defense. Supreme Court granted the motion without discussion or analysis.

To vacate a judgment entered on a defendant's failure to answer the action, the defendant must establish both a reasonable excuse for the default and a potentially meritorious defense (*see e.g. Stillman v City of New York*, 39 AD3d 301 [2007]). Here, Citibank established neither. Plaintiff submitted an affidavit of service that stated that Citibank's designated agent was personally served with the summons and complaint on August 30, 2006. Citibank's vice-president stated that, "[w]hile there appears to be an affidavit of service, the persons responsible for

this matter at Citibank only recently learned of this action through the efforts of [its former counsel], who advised Citibank of the action after an examination of court websites." This statement does not provide any explanation for Citibank's default, let alone a reasonable explanation. Moreover, no affidavit was submitted by Citibank's designated agent who was personally served, "the persons responsible for this matter at Citibank," or Citibank's former counsel. While Citibank may have offered a reasonable excuse for its delay between February 2007 and May 2007 in moving to vacate its default due to the problems it apparently encountered in retaining counsel, its failure to offer any excuse, let alone a reasonable one, for its default in timely answering the action is fatal to its claim that the default is excusable (*see generally Okun v Tanners*, 11 NY3d 762 [2008]).

Additionally, Citibank failed to offer a potentially meritorious defense. Citibank's perfunctory assertions that plaintiff cannot prevail under its cause of action for either reformation of the mortgage or an equitable mortgage against Joseph Bruno do not demonstrate any potentially meritorious defense to the action (*see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership*, 25 AD3d 301, 302 [2006]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]). Concur—Mazzarelli, J.P., Gonzalez, Catterson, McGuire and Acosta, JJ.