(June 9, 2009)

■ EDWARD HANLEY, Respondent, v McCLIER CORPORATION, Respondent-Appellant, NYP HOLDINGS, INC., et al., Respondents,

and HIRANI ENGINEERING AND LAND SURVEYING, P.C., Appellant-Respondent. (And a Third-Party Action.) [881 NYS2d 400]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered October 5, 2007, to the extent it denied defendant Hirani Engineering and Land Surveying, P.C.'s motion for summary judgment dismissing defendant McClier Corporation's cross claims for indemnification against it, denied McClier's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against it, and granted defendants Allsafe Height Contracting Corp.'s and Safeway Steel Products, Inc.'s motions for summary judgment dismissing McClier's cross claims for indemnification against them, unanimously modified, on the law, Hirani's motion granted, Safeway's and Allsafe's motions denied and otherwise affirmed, without costs.

Plaintiff, an employee of Fred Geller Electric, an electrical subcontractor, became injured while he was running conduit and wiring lighting on the ceiling of the press area in a building. Plaintiff had been standing on a platform that Allsafe had constructed especially for the project. This platform collapsed six to eight inches causing a wire rig to fall on plaintiff's hip.

The motion court found that Hirani, the site safety manager, was not a statutory agent and did not exercise the requisite degree of control over the work giving rise to plaintiff's injury to be liable, and therefore dismissed plaintiff's claims against Hirani based on Labor Law § 200 and common law-negligence. Neither plaintiff nor McClier (the general contractor) challenges this finding on appeal and McClier fails to make additional arguments concerning Hirani's negligence. Accordingly, the court's dismissal of all of plaintiff's claims against Hirani forms the basis to dismiss McClier's contractual indemnification claim against Hirani as well as the common-law indemnification claim that Supreme Court left undecided.

The motion court was correct to deny McClier's motion for summary judgment. The parties agree that, to establish liability against a general contractor under section 200, plaintiff must establish that the general contractor directed, controlled or supervised the manner, means or methods of plaintiff's work. The evidence here raises an issue of fact as to the extent of McClier's control. In particular, there was testimony that every time the scaffold was moved, McClier would inspect it. Only McClier knew of the weight-bearing capacity of the scaffold. McClier had the authority to stop the work were it to notice an unsafe condition. McClier would receive daily site safety reports concerning its subcontractors and would sometimes inspect their work. McClier's contract with Safeway, the entity McClier hired to construct the scaffold, required McClier to check the platform and report problems to Safeway and to monitor use of and entry onto the platform.

The court should not have dismissed McClier's common-law indemnification claim against Allsafe, which erected and moved the rolling platform where plaintiff became injured. No one has established that the platform was free from defect, and a factual issue exists whether any negligence on the part of Allsafe contributed to the accident (*see Keohane v Littlepark House Corp.*, 290 AD2d 382, 383 [2002]). The testimony of the nonparty platform designer's principal was insufficient to establish Allsafe's prima facie case. Although he said that the photographs—that he could not authenticate—appeared to indicate that the construction of the platform conformed to its design, he had no firsthand knowledge of the platform and could not opine whether Allsafe had actually constructed the platform in accordance with the design. Indeed, the designer's witness testified that, to his knowledge, no one from his firm ensured that the platform conformed to the design specifications. Further, plaintiff's testimony about the $3^{1}/_{2}$-inch gap in the planks where the floor collapsed sufficed to raise an issue of fact as to the adequacy of the platform's construction. In addition, the testimony of plaintiff's coworker, who observed the floor buckling, corroborated plaintiff's testimony.

Nor should the motion court have dismissed McClier's contractual indemnification claim against Safeway. Safeway's contract with McClier obligates Safeway to indemnify McClier for any negligence on Allsafe's part, and a factual issue exists as to Allsafe's negligence. Concur—Gonzalez, P.J., Nardelli, Catterson, Moskowitz and Renwick, JJ.