Genuine Realty Corp., Petitioner-Landlord-Respondent,
against
Gail Mitchell, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the Civil Court of the City of New York, New York County (Susan F. Avery, J.), dated November 8, 2017, which denied her motion to vacate a default final judgment and dismiss the petition in a holdover summary proceeding.




Per Curiam.
Order (Susan F. Avery, J.), dated November 8, 2017, modified by granting tenant's motion to the extent of vacating the default final judgment and deeming tenant's proposed answer timely served and filed; as modified, order affirmed, with $10 costs, and the matter remanded for further proceedings.
Given the strong public policy of this State to dispose of cases on the merits (see Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [2011]), we favorably exercise our discretion and grant tenant's motion to vacate the default final judgment in this holdover summary proceeding based upon allegations of illegal subletting. Tenant demonstrated a reasonable excuse for her unintended default - she was in Missouri caring for her ailing mother and was unaware of the proceeding in time to defend - and a potentially meritorious defense to the holdover proceeding (see Horseshoe Realty, LLC v Meah, 47 Misc 3d 127[A],2015 NY Slip Op 50370[U] [App Term, 1st Dept 2015]; Jones v Jones, 43 Misc 3d 141[A], 2014 NY Slip Op 50842[U] [App Term, 1st Dept 2014]). In the circumstances, the viability of this rent stabilized tenancy of more than thirty years' duration should not be determined on default.
We sustain the denial of tenant's motion to dismiss for lack of jurisdiction. Tenant's argument that landlord was required to serve her in Missouri is unavailing, since she failed to establish that she provided landlord with "written information" that she resided elsewhere (RPAPL 735[1][a]; 235 W. 22nd St., LLC v Genshaft, 24 Misc 3d 145[A], 2009 NY Slip Op 51822[U] [App Term, 1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 17, 2018