Pichardo v 969 Amsterdam Holdings, LLC (2019 NY Slip Op 07556)





Pichardo v 969 Amsterdam Holdings, LLC


2019 NY Slip Op 07556


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10176N 153561/18

[*1] Rosa Pichardo, Plaintiff-Appellant,
v
969 Amsterdam Holdings, LLC, Defendant-Respondent, The City of New York, Defendant.


Steven C. Rauchberg, P.C., New York (Steven C. Rauchberg of counsel), for appellant.
O'Toole Scrivo, LLC, New York (Joseph E. Hopkins of counsel), for respondent.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered April 30, 2019, which denied plaintiff's motion for a default judgment and directed plaintiff to accept defendant 969 Amsterdam Holdings, LLC's answer, unanimously modified, on the law and the facts, to the extent of striking the jurisdictional defenses from the answer, and otherwise affirmed, without costs.
Under the circumstances of this case, the court properly denied plaintiff's motion for a default judgment and directed plaintiff to accept defendant 969 Amsterdam Holdings, LLC's answer. The delay in answering was relatively short, plaintiff suffered no prejudice, there is no evidence of willfulness and there is a strong public policy in favor of resolving cases on
the merits (see Marine v Montefiore Health Sys., Inc., 129 AD3d 428 [1st Dept 2015]; Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413 (1st Dept 2011]); Lamar v City of New York, 68 AD3d 449 [1st Dept 2009]).
Given that no default judgment had been entered, defendant was not required to demonstrate a meritorious defense (see Marine, 129 AD3d at 429; Lamar, 68 AD3d at 449; Nason v Fisher, 309 AD2d 526 [1st Dept 2003]; CPLR 3012[d])
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK