Luciano v Felix (2020 NY Slip Op 03878)





Luciano v Felix


2020 NY Slip Op 03878


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11812NA 11812N 11811

[*1] Jennifer Luciano, Plaintiff-Appellant,
v
Maribel Felix, et al., Defendants-Respondents.


Michael T. Altman, Woodmere, for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered April 8, 2019, which denied plaintiff's motion to vacate the prior orders and restore the matter pursuant to CPLR 5015 on the basis that she lacked a reasonable excuse for the default, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered May 1, 2018, which granted defendants' unopposed motion for summary judgment dismissing the complaint for lack of a causally related serious injury within the meaning of Insurance Law § 5102(d), and from order, same court and Justice, entered November 19, 2018, which denied plaintiff's motion for leave to renew and reargue, unanimously dismissed, without costs, as taken from nonappealable orders.
Since the order granting summary judgment dismissing the complaint was granted on default, the court properly denied plaintiff's motion to renew and reargue. The proper remedy for plaintiff was to move to vacate the default pursuant to CPLR 5015 (Bank Leumi Trust Co. of N.Y. v Sibthorpe, 161 AD2d 325 [1st Dept 1990]; Vasquez v Koret, Inc., 151 AD2d 448 [1st Dept 1989]), which plaintiff ultimately did.
However, Supreme Court providently exercised its discretion in denying plaintiff's motion pursuant to CPLR 5015. Under the circumstances, plaintiff's claim that her failure to submit opposition to defendants' summary judgment motion was caused by law office failure is insufficient to establish a reasonable excuse for the default, because counsel offered no explanation as to why he believed a requested adjournment had been granted by the court and did not seek reargument until three months after the action was dismissed (see Perez v New York City Hous. Auth., 47 AD3d 505, 505-506 [1st Dept 2008]). Furthermore, plaintiff's counsel failed to submit the proposed opposition to the motion, which included medical affirmations prepared months after the proposed adjourn date, with the motion to renew or reargue.
Given plaintiff's prolonged delay, the motion court did not abuse its discretion in finding that it need not decide the issue of whether her action has merit (see Agosto v Western Beef Retail, Inc., 175 AD3d 1192, 1192-1193 [1st Dept 2019]). Because plaintiff failed to provide an acceptable excuse for the default, it is unnecessary for this Court to address whether she demonstrated a meritorious cause of action (see Fernandez v Santos, 161 AD3d 473, 474 [1st Dept 2018]).
If we were to review the serious injury threshold issue, we would find that defendants established their initial burden to show that plaintiff did not sustain a serious injury causally related to the minor accident (see Riollano v Leavey, 173 AD3d 494, 495 [1st Dept 2019]; Moreira v Mahabir, 158 AD3d 518, 518 [1st Dept 2018]; Rodriguez v Konate, 161 AD3d 565, 566 [1st Dept 2018]). Plaintiff's proposed opposition does not contain medical evidence causally relating to the accident, other than the conclusory statement of one provider who relied on the history provided by plaintiff and did not address the evidence of degeneration in plaintiff's own [*2]MRI report (see e.g. Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]; Williams v Laura Livery Corp., 176 AD3d 557, 558 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK