Epstein Becker & Green, P.C. v Samson Mgt. LLC (2020 NY Slip Op 06386)





Epstein Becker & Green, P.C. v Samson Mgt. LLC


2020 NY Slip Op 06386


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 651037/19 Appeal No. 12331N Case No. 2020-02045 

[*1]Epstein Becker & Green, P.C., Plaintiff-Appellant,
v
Samson Management LLC et al., Defendants-Respondents.


Law Offices of Bernard D'Orazio & Associates, P.C., New York (Steven G. Yudin of counsel), for appellant.
Clark Guldin, New York (Janesa Urbano of counsel), for respondents.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered January 31, 2020, which denied plaintiff's motion for a default judgment, unanimously affirmed, with costs.
The court providently denied plaintiff's motion for a default judgment. Defendants offered a reasonable excuse for their six-month delay in filing an answer  failure to receive, or misplacement of the papers delivered to the New York State Secretary of State  which was sufficient under the facts of this case (see Lamar v City of New York, 68 AD3d 449 [1st Dept 2009]; Marine v Montefiore Health Sys. Inc., 129 AD3d 428 [1st Dept 2015]). Upon learning of this action when they received plaintiff's motion, defendants promptly retained counsel to oppose it and cross-moved to compel acceptance of their late answer. Significantly, there was no showing of willfulness, nor did plaintiff demonstrate any prejudice from the delay, and there is a strong public policy in favor of resolving cases on the merits (see id.; Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413 [1st Dept 2011]; Lamar, 68 AD3d at 449).
Because no default judgment had yet been entered, defendants were not required to demonstrate a meritorious defense (see Marine, 129 AD3d at 429; Lamar, 68 AD3d at 449; Pichardo v 969 Amsterdam Holdings LLC, 176 AD3d 571, 572 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020