3331 102 St. LLC v Newport Beach Holdings LLC (2022 NY Slip Op 03170)





3331 102 St. LLC v Newport Beach Holdings LLC


2022 NY Slip Op 03170


Decided on May 12, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Index No. 156870/18 Appeal No. 15941 Case No. 2021-02166 

[*1]3331 102 St. LLC, Plaintiff-Respondent,
v
Newport Beach Holdings LLC, Defendant-Appellant. Wilmington PT Corp., Nonparty Appellant.


Hasbani & Light, P.C., New York (Danielle Light of counsel), for Newport Beach Holdings LLC, appellant.
Massoud & Pashkoff, LLP, New York (Ahmed A. Massoud of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about February 26, 2021, which denied nonparty appellant's (Wilmington) motion to vacate the default judgment and be substituted as defendant, unanimously affirmed, without costs.
Supreme Court providently denied the motion. "A defendant moving pursuant to CPLR 5015(a)(3) to vacate a default based on intrinsic fraud, i.e., on the basis that the plaintiff's allegations in the complaint are false, must establish both a reasonable excuse for the default and a potentially meritorious defense to the action" (JPMorgan Chase Bank, N.A. v Multani, 196 AD3d 549, 550 [2d Dept 2021]; see also Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413 [1st Dept 2011]). The record demonstrates that defendant, a Nevada LLC, was validly served on July 25, 2018, through its registered agent, whereas the assignment transferring defendant's interest in the mortgage in question to Wilmington occurred on September 18, 2018. However, Wilmington failed to proffer any excuse for defendant's failure to answer.
Given Wilmington's failure "to provide an acceptable excuse for the default, it is unnecessary for this Court to address whether [it] demonstrated" a potentially meritorious defense (Luciano v Felix, 185 AD3d 469, 470 [1st Dept 2020]; accord Fernandez v Santos, 161 AD3d 473, 474 [1st Dept 2018]).
Finally, Wilmington does not "provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice" (Wells Fargo Bank, N.A. v Abakporo, 186 AD3d 652, 654 [2d Dept 2020]; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [1984]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022