Bullaro v Ledo, Inc. (2023 NY Slip Op 04816)

Bullaro v Ledo, Inc.

2023 NY Slip Op 04816

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 35022/20 Appeal No. 658 Case No. 2022-05692 

[*1]Andrew Bullaro, Plaintiff-Appellant,
v
Ledo, Inc., et al., Defendants-Respondents.

The Deiorio Law Group, PLLC, Rye Brook (Jan A. Marcus of counsel), for appellant.
Thomas A. Toscano, P.C., Mineola (Thomas A. Toscano of counsel), for respondents.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered November 10, 2022, which granted defendants Ledo, Inc. and Thomas P. Anselmo's motion for summary judgment dismissing plaintiff's claim, denominated a third cause of action, for specific performance of the contract of sale for real property, unanimously affirmed, without costs.
As a threshold matter, we decline defendants' invitation to dismiss this appeal based on plaintiff's inadvertent failure to include, in the record on appeal, an affidavit submitted by defendants on the underlying motion (CPLR 5526). We disregard plaintiff's omission, finding that it did not result in substantial prejudice to defendants (CPLR 2001).
Supreme Court properly dismissed plaintiff's claim for specific performance. The allegations in plaintiff's complaint and the record evidence establish, as a matter of law, that upon defendant seller Ledo, Inc.'s alleged breach of the contract, plaintiff affirmatively and undisputedly elected to terminate the contract instead of ignoring the breach and continuing to perform (see Todd English Enters. LLC v Hudson Home Group, LLC, 206 AD3d 585, 587 [1st Dept 2022]; Rebecca Broadway L.P. v Hotton, 143 AD3d 71, 80-81 [1st Dept 2016]; see generally CPLR 3212). Having elected termination, plaintiff waived and abandoned any claim for specific performance (Whalen v Stuart, 194 NY 495, 504-505 [1909]; see Abely v Hayden, 155 AD2d 254, 254-256 [1st Dept 1989]; Greven v Muir, 128 AD2d 753, 754 [2d Dept 1987]; see also Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294, 298 [1st Dept 2006]; cf. Asensio v Casa 74th Dev., LLC, 79 AD3d 588, 589 [1st Dept 2010]). Supreme Court properly determined that defendants' motion for summary judgment was not premature because plaintiff failed to show that facts outside his knowledge may exist that could affect analysis of his claim for specific performance (cf. CPLR 3212 [f]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023