Yang v Knights Genesis Group (2024 NY Slip Op 00398)

Yang v Knights Genesis Group

2024 NY Slip Op 00398

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 651118/21 Appeal No. 1568 Case No. 2023-00649 

[*1]Yunjie Frank Yang, Plaintiff, Ying Shen et al., Plaintiffs-Respondents,
v
Knights Genesis Group, Defendant-Appellant, Jiangcheng Jason Yuan et al., Defendants.

Law Office of Victor Tsai, Brooklyn (Victor Tsai of counsel), for appellant.
Oved & Oved LLP, New York (Glen Lenihan of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 6, 2023, which, insofar as appealed from, denied defendant Knights Genesis's motion on behalf of itself and nominal defendant 1989 Investor, to vacate two default judgments entered against them in favor of the original plaintiff (Yang) and intervening plaintiffs (Intervenors), respectively, unanimously affirmed, without costs.
Supreme Court providently denied the motion. To vacate a judgment on the grounds of "excusable default" (CPLR 5015[a][1]), the movant must demonstrate a reasonable excuse for the default and a meritorious defense (see Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413 [1st Dept 2011]). Defendants, however, failed to show a reasonable excuse for defaulting.
The record demonstrates that 1989 Investor LLC was validly served with both Yang and the Intervenors' complaints "without the state" (CPLR 313) on its "agent authorized by appointment to receive process" (CPLR 311-a[a][iii]). Defendants proffer no excuse as to why this entity failed to appear.
As for Knights Genesis, Yang's complaint was validly served by email upon its director and officer, defendant Jiancheng Jason Yuan, "in such manner . . . as the court, upon motion without notice, direct[ed]," after four prior attempts at personal service, including at its last known address, were unsuccessful (CPLR 311[b]). The Intervenors' complaint was also validly served by "delivering the summons . . . to an officer, director, managing or general agent" of Knights Genesis, that is, by hand to Yuan (CPLR 311[a][1]).
Knights Genesis does not argue that the email addresses used for service were incorrect or that Yuan did not receive service of either complaint. Instead, it argues that service was never attempted, and it had no notice of the action because the complaints incorrectly named it as Knights Genesis Group instead of Knights Genesis Investment Limited, and the complaints incorrectly alleged that it was incorporated in New York instead of the British Virgin Islands. We disagree. The intended defendant is clear from the complaints and corroborated by arguments and assertions made by Knights Genesis before the motion court and this Court as to the underlying facts. Even the company's address, as alleged in both complaints, matches the address indicated in a letter sent by Yuan on Knights Genesis letterhead wherein he claimed to be the company president. Indeed, the fact that Yuan interposed answers to both complaints on his own behalf belies the contention that Knights Genesis had no notice of this action (compare CPLR 317). "A demonstrably false excuse will not justify the vacatur of a default" (Fergus v Brooklyn Law School, 245 AD2d 62, 63 [1st Dept 1997]; see also Brown v Suggs, 38 AD3d 329, 330 [1st Dept 2007]).
Given defendants' "failure 'to provide an acceptable excuse for the default, it is unnecessary for this Court to address whether [they] demonstrated' a potentially meritorious [*2]defense" (3331 102 St. LLC v Newport Beach Holdings LLC, 205 AD3d 497, 497 [1st Dept 2022], quoting Luciano v Felix, 185 AD3d 469, 470 [1st Dept 2020]; accord Fernandez v Santos, 161 AD3d 473, 474 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024