Forest Walnut LLC v Abizker (2024 NY Slip Op 00455)

Forest Walnut LLC v Abizker

2024 NY Slip Op 00455

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 652514/22 Appeal No. 1575-1576 Case No. 2023-00590 2023-00693 

[*1]Forest Walnut LLC et al., Plaintiffs-Appellants,
v
Zohar Abizker Also Known as Zohar Cohen, etc., et al., Defendants, AllianceBernstein Holding LP, Defendant-Respondent. 

Christopher S. Cardillo, P.C., New York (Glen Wertheimer of counsel), for appellants.
Clark Smith Villazor LLP, New York (Brian T. Burns of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about November 22, 2022, which, upon plaintiffs' default, granted defendant AllianceBernstein Holding LP's (Alliance) motion to dismiss the complaint as against it pursuant to CPLR 3211(a)(7), unanimously dismissed, without costs. Order, same court and Justice, entered on or about January 9, 2023, which denied plaintiffs' motion to vacate the prior order pursuant to CPLR 5015(a)(1) and (a)(4), unanimously affirmed, without costs.
In November 2020, plaintiffs entered into an agreement with the Abizkers, Lawrence, and Old American Financial, LP (collectively, the Abizker defendants), under which the Abizker defendants agreed to supply plaintiffs with at least 200 luxury cars for resale. Plaintiffs paid the Abizker defendants a down payment of $125,000, but the Abizker defendants never delivered any vehicles. The negotiations between plaintiffs and the Abizker defendants took place in an office at 1345 6th Avenue, which was leased by Alliance and subleased to another entity which rented office space to customers, including the Abizker defendants.
Plaintiffs commenced this action in July 2022, alleging, among other things, that Alliance owned the well-maintained office space and negligently permitted the Abizker defendants to use it while negotiating the agreement with plaintiffs, which induced plaintiffs to enter into the agreement. Alliance moved to dismiss the complaint as against it, arguing that it had no duty to protect plaintiffs from the torts or breaches of contract of the Abizker defendants. Plaintiffs failed to timely file any opposition or request for an adjournment, and the court granted Alliance's motion one day before the calendared return date.
No appeal lies from an order entered upon default of the appealing party, so plaintiffs' appeal from the court's order granting Alliance's motion in the absence of opposition must be dismissed (see Hilton Wiener, LLC v Anderson, 203 AD3d 659 [1st Dept 2022], lv denied 39 NY3d 902 [2022]).
The court properly denied plaintiffs' subsequent motion to vacate the court's order under CPLR 5015(a)(1) and (a)(4). To the extent that the court potentially erred in issuing its decision one day prior to the return date, any error did not constitute a jurisdictional defect rendering the order a nullity (see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013]). Plaintiffs do not dispute that they were properly served with Alliance's motion, and Alliance specified the return date and requested service of any opposition seven days prior to permit adequate time to reply (see CPLR 2214[b]).
The court providently exercised its discretion in concluding that plaintiffs failed to proffer either a reasonable excuse for the default or a meritorious defense to Alliance's motion (see Johnson-Roberts v Ira Judelson Bail Bonds, 140 AD3d 509, 509 [1st Dept 2016]; see also Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr[*2]. Co., Inc., 67 NY2d 138, 141 [1986]). Plaintiffs offered essentially no explanation for their failure to file either an opposition or stipulation adjourning the case by the deadline, and they relied solely on the fact that Alliance initially consented to an adjournment (cf. Luciano v Felix, 185 AD3d 469, 470 [1st Dept 2020]).
Moreover, the court correctly determined that plaintiffs did not demonstrate any potential meritorious opposition. "In any negligence action, the threshold issue before the court is whether the defendant owed a legally recognized duty to the plaintiff" (Gilson v Metropolitan Opera, 5 NY3d 574, 576 [2005]). Although landowners and leaseholders have a duty to exercise reasonable care in maintaining premises in a reasonably safe condition (see Powers v 31 E 31 LLC, 24 NY3d 84, 94 [2014]), landlords only have "a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d 76, 85 [1987]). Alliance had no direct contractual or other relationship with the Abizker defendants, so it had no duty or ability to control their conduct and cannot be held liable for any failure to do so (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233 [2001]).
Similarly, Alliance had no duty to investigate its sublessees to protect third parties from the potential criminal or tortious acts of its tenants (cf. Gill v New York City Hous. Auth., 130 AD2d 256, 261 [1st Dept 1987]). Nor did Alliance have a duty to take affirmative steps to indicate to the public that the office space had been rented to individuals unassociated with Alliance (cf. On v BKO Exp. LLC, 148 AD3d 50, 56 [1st Dept 2017]; see also Davis v South Nassau Communities Hosp., 26 NY3d 563, 573 [2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024