Bullaro v Ledo, Inc. (2025 NY Slip Op 00040)

Bullaro v Ledo, Inc.

2025 NY Slip Op 00040

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Ind. No. 35022/20 Appeal No. 3426-3427 Case No. 2024-02508, 2024-04775 

[*1]Andrew Bullaro, Plaintiff-Respondent,
v
Ledo, Inc., et al., Defendants-Appellants.

Ledo, Inc., Third-Party Plaintiff-Appellant,
v
Andrew Bullaro, Third-Party Defendant-Respondent.

Thomas A. Toscano, P.C., Mineola (Thomas A. Toscano of counsel), for appellants.
The DeIorio Law Group, PLLC, Rye Brook (Jan A. Marcus of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about March 29, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the causes of action for breach of contract and declaratory judgment, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 16, 2024, which, to the extent appealed as limited by the briefs, denied defendants' motion for leave to renew the motion for summary judgment, unanimously affirmed, without costs.
Supreme Court correctly denied defendants' motion for summary judgment — the second such motion by defendants in the same action — as defendants failed to show that it was based on newly discovered evidence or any other sufficient justification for the successive summary judgment motion (see Amill v Lawrence Ruben Co., Inc., 117 AD3d 433, 433-434 [1st Dept 2014]). On the contrary, the motion relied on the same facts and evidence supporting a prior motion for summary judgment dismissing the cause of action for specific performance. Defendants offer no reason why they could not have moved to dismiss the breach of contract and declaratory judgement claims in that prior motion, as the relevant facts would have supported dismissal of those causes of action and did not change during the 17 months between the first and second motions. Furthermore, contrary to defendants' assertions, this Court's decision in the prior appeal, which affirmed dismissal of the cause of action for specific performance, does not provide a justification for defendants' second, untimely motion (see Bullaro v Ledo, Inc., 219 AD3d 1243, 1243 [1st Dept 2023]).
Supreme Court providently denied defendants' motion to renew, as they failed to present the court with any new facts that were not available on the first motion (see CPLR 2221[e]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025