Metropolis Elec. Corp. v Vector Bldg. Corp. (2025 NY Slip Op 06259)

Metropolis Elec. Corp. v Vector Bldg. Corp.

2025 NY Slip Op 06259

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 155513/22|Appeal No. 5165|Case No. 2025-00709|

[*1]Metropolis Electric Corp., Plaintiff,
v
Vector Building Corp., Defendant-Respondent, River Tower Owner, LLC, et al., Defendants-Appellants.

Peter M. Levine, New York, for appellants.
Sitaras & Associates, PLLC, New York (Richard Diorio of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about January 7, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants River Tower Owner, LLC and U.S. Specialty Insurance Company for an order striking the cross-claims interposed by defendant Vector Building Corp., and for a default judgment on their cross-claims against Vector, unanimously affirmed, without costs.
The court providently exercised its discretion in determining that Vector had demonstrated a reasonable excuse for its failure to appear. "What constitutes a reasonable excuse for a default generally lies within the sound discretion of the motion court" (Xiaoyong Zhang v Jong, 195 AD3d 435, 435 [1st Dept 2021]). The reasonable excuse determination "is sui generis and should be based on all relevant factors," including the length of the delay, the existence of any prejudice, whether the default was willful, and "the strong public policy favoring the resolution of cases on the merits" (Chevalier v. 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [1st Dept 2011]). The record establishes that Vector provided a reasonable excuse for its default. Vector's counsel moved to withdraw from the case in October 2023 because Vector was experiencing serious financial troubles. Vector had not paid its counsel's invoices for five months and failed to pay an additional retainer to allow the firm to perform further work. Vector's CEO and President submitted an affidavit explaining that these financial issues persisted in December and January 2024 when Vector still did not have enough "immediate funds to pay a retainer." The company's search for counsel was further disrupted by the CEO's brother's unexpected death. For these reasons, counsel for Vector did not appear at the January 22, 2024 compliance conference.
The delay from October 30, 2023, the date the Order to Show Cause to withdraw as counsel was signed, until the alleged default in January 2024 was relatively short. There is no evidence in the record to suggest that the delay prejudiced the other parties or that the default was willful. Finally, as the motion court noted, there is a strong "policy of favoring the resolution of cases on their merits," and the record establishes that Vector has consistently intended to litigate this case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025