Couteller v Mamakos (2025 NY Slip Op 06965)

Couteller v Mamakos

2025 NY Slip Op 06965

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Index No. 160767/17|Appeal No. 5385-5385A-5385B|Case No. 2025-00001|

[*1]Joseph Couteller, Plaintiff-Respondent,
v
Jean Mamakos, Defendant-Appellant.

Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Terence Christian Scheurer, P.C., Carle Place (Terence Christian Scheurer of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Judy H. Kim, J.), entered December 6, 2024, after an inquest, awarding plaintiff $230,000 plus statutory interest and $6,080 in attorneys' fees, and bringing up for review orders, same court (Frank P. Nervo, J.), entered on or about December 7, 2021 and March 25, 2022, which, respectively, struck defendant's answer and entered a default judgment on liability against her and denied defendant's CPLR 5015(a)(1) motion, unanimously affirmed, with costs.
As an initial matter, we decline to dismiss the appeal based on defendant's apparent inadvertent failure to include in the record several exhibits entered into evidence at the inquest. The exhibits were described and discussed in other parts of the record, and thus their omission has not substantially prejudiced plaintiff (see CPLR 5526; Bullaro v Ledo, Inc., 219 AD3d 1243, 1243 [1st Dept 2023]; Cangro v Park S. Towers Assoc., 154 AD3d 489, 490 [1st Dept 2017], appeal dismissed 30 NY3d 1051 [2018]).
The court providently exercised its discretion by striking defendant's answer based on her "failure to comply with court orders, in the absence of adequate excuses," which permits an inference of willful and contumacious behavior (Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]; see also CPLR 3126). The record reflects that defendant failed to attend a status conference, did not meet discovery deadlines, and neglected to communicate with counsel, culminating in counsel's application to be relieved. Defendant failed to take any action in this case for over a year, despite the court's instruction to either retain new counsel or notify the court of her intention to proceed pro se. Defendant failed to appear at a scheduled conference notwithstanding the court's warning that a failure to appear would result in sanctions. Thus, the court properly struck defendant's answer and entered the default judgment (see Lynx Capital Partners of NJ, LLC v Bayes Capital LLC, 217 AD3d 571, 572 [1st Dept 2023]). Defendant's willingness to permit this case to "linger for years without resolution," caused prejudice to plaintiff and impaired "the efficient functioning of the courts" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81 [2010]).
The court also providently exercised its discretion in denying defendant's motion to vacate the default order because she failed to demonstrate excusable default (see CPLR 5015[a][1]; SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38 [1st Dept 2023]). The sole excuse defendant offered was that she did not timely receive the order which directed her to appear because it was sent to the wrong address. However, the record reflects that, about a month before the conference, defendant's former attorney sent the order via certified mail to the same address defendant provided on her motion to vacate. "A demonstrably false excuse will not justify the vacatur of a default" (Fergus v Brooklyn Law School, 245 AD2d 62, 63 [1st Dept 1997]).
The court properly concluded that plaintiff established a prima facie case of defamation per se at the inquest (see Taylor v Brooke Towers LLC, 73 AD3d 535, 535 [1st Dept 2010]; see also Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]). Defendant's statements fell within two of the categories of defamation per se, thus plaintiff was not required to prove special damages (see Liberman v Gelstein, 80 NY2d 429, 435 [1992]). Defendant's accusations that plaintiff sexually assaulted her charged him with a serious crime (see Thomas H. v Paul B., 18 NY3d 580, 584-585 [2012]), and her statements that plaintiff sexually harassed her and attempted to coerce sexual favors from her in exchange for his assistance with construction work tend to injure him in his trade, business, or profession (see Herlihy v Metropolitan Museum of Art, 214 AD2d 250, 261 [1st Dept 1995]). Plaintiff, as the resident manager and live-in superintendent of the building where defendant owned a condominium unit, explained that accusations of sexual assault and sexual harassment could "destroy" his reputation, and he would "never be able to get another job in the field."
Although qualified privilege attaches to defendant's statements to the police reporting a crime (see Sagaille v Carrega, 194 AD3d 92, 96 [1st Dept 2021], lv denied 37 NY3d 909 [2021]), and to her comments at a meeting of the board of managers of her building (see Harpaz v Dunn, 203 AD3d 601, 602 [1st Dept 2022]), plaintiff sufficiently demonstrated that defendant published the statements accusing him of sexual assault and sexual harassment with common-law malice. Plaintiff established defendant's "one and only cause for the publication" of the defamatory statements was "spite or ill will" (Liberman, 80 NY2d at 439 [internal quotation marks omitted]; see Pezhman v City of New York, 29 AD3d 164, 168-169 [1st Dept 2006]). Plaintiff's credible testimony established that defendant's statements were part of a pattern of retaliation intended to harm his reputation and cause his termination. Plaintiff also proved defendant widely disseminated the defamatory statements to the police, plaintiff's employers, professional colleagues, and every resident of the building, after he called the police to enforce the court order barring her from altering her apartment without permission.
The court's award of $200,000 in compensatory damages does not deviate materially from what would be reasonable compensation under the circumstances (CPLR 5501[c]; Donlon v City of New York, 284 AD2d 13, 15 [1st Dept 2001]). Defamation plaintiffs have received similar awards based on reputational harm and emotional distress (see e.g. Morsette v "The Final Call", 309 AD2d 249 [1st Dept 2003], lv dismissed 5 NY3d 756 [2005]; Chiavarelli v Williams, 281 AD2d 255, 255-256 [1st Dept 2001]; Partridge v State of New York, 173 AD3d 86, 98 [3d Dept 2019]). The court properly determined that $30,000 in punitive damages were warranted, as the record shows that defendant published the defamatory statements with common-law malice, "out of hatred, ill will, [or] spite" toward plaintiff (Prozeralik v Capital Cities Communications, 82 NY2d 466, 479-480 [1993]; see Morsette, 309 AD2d at 255).
The court properly awarded plaintiff the attorneys' fees and costs specifically incurred while opposing defendant's frivolous motion to vacate, which asserted "material factual statements that are false" (22 NYCRR 130-1.1[c][3]; Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025